UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIME FAITH EDMONDSON, et al.,

     Plaintiffs,

v.                                   CASE NO. 8:15-cv-2672-T-23TBM

CALIENTE RESORTS, LLC, et al.,

     Defendants.

_____/

## ORDER

Sixteen plaintiffs sue (Doc. 1) Caliente Resorts, LLC, and Caliente Vacation Club, LLC, for the unauthorized use of each plaintiff's image. The defendants move (Doc. 17) to dismiss Counts I, II, V, VIII, and IX.

## DISCUSSION

### 1. Count I

In Count I the plaintiffs sue under the Lanham Act, the prohibitions of which include trademark infringement and false advertising. To state a claim for trademark infringement, a complaint must establish "(1) that [the plaintiff] had trademark rights in the mark or name at issue and (2) that the [defendant] had adopted a mark or name that was the same, or confusingly similar to [the plaintiff's] mark, such that consumers were likely to confuse the two." *Tana v. Dantanna's*, 611 F.3d 767, 773

(11th Cir. 2010) (quotation marks omitted).  To state a claim for false advertising, a complaint must establish (1) that "the [advertisement] of the [defendant] w[as] false or misleading," (2) that "the [advertisement] deceived, or had the capacity to deceive, consumers," (3) that "the deception had a material effect on purchasing decisions," (4) that "the misrepresented product or service affects interstate commerce," and (5) that "the [plaintiff] has been — or is likely to be — injured as a result of the false advertising."  *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1308 (11th Cir. 2010).

Suing specifically for false advertising, Count I argues (1) that "Defendants' unauthorized use and alteration of [each plaintiff's] image . . . constitutes false advertising by suggesting or implying, among other things, that [each plaintiff] worked at or was otherwise affiliated with the" defendants and (2) that the use and alteration "cause[d] irreparable harm to [each plaintiff], her reputation and brand by attributing to [each plaintiff] the deviant 'swinger' or 'spouse swapping' lifestyle and activities at the [defendants'] Resort."  (Doc. 1 at 48, 50)  Wrongly assuming that Count I sues for trademark infringement, the motion to dismiss Count I relies entirely on the argument that an image of a plaintiff fails to "qualif[y] as a protectable mark." (Doc. 17 at 5)  The plaintiffs need not establish the existence of a "protectable mark" to claim false advertising.  As the plaintiffs state, "Defendants' entire challenge to Count I addresses a claim Plaintiffs have not even advanced."  (Doc. 25 at 5)

**2. Count II**

Count II claims a violation of Section 540.08, Florida Statutes, which states

that, with a few inapplicable exceptions, "[n]o person shall publish, print, display or

otherwise publicly use for purposes of trade or for any commercial or advertising

purpose the name, portrait, photograph, or other likeness of any natural person."

Disputing that the defendants' use, if any, of a plaintiff's image was for a

"commercial or advertising purpose," the defendants attempt to dismiss Count II by

arguing that the plaintiffs lack "evidence" of the defendants' receiving a commercial

benefit.  However, "to survive a motion to dismiss," a complaint must plead[, not

prove,] sufficient facts to state a claim."  *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).

By requesting "evidence" (which occurs at trials and other evidentiary hearings, not

on a motion to dismiss) to overcome a motion to dismiss, the defendants either

challenge without support the federal courts' carefully crafted pleading standard or

are oblivious to the standard.  Either way, the defendants' argument fails.

**3. Count V**

Count V claims civil theft, which is a violation of Section 772.11, Florida

Statutes, and which requires a finding of "felonious intent."  *See generally Howard v.*

*Murray*, 184 So. 3d 1155, 1167 n.24 (Fla. 1st DCA 2015) (Benton, J.).  The

defendants again attempt to dismiss by arguing that the plaintiffs lack "clear and

convincing evidence," this time of felonious intent.  (Doc. 17 at 10)  With a few

inapplicable exceptions, the plaintiffs are not required to attach "evidence" — "clear and convincing" or otherwise — to a complaint.

## 4. Count VIII

Count VIII claims unjust enrichment.  In other words, the count argues that, even if the plaintiffs cannot recover on other claims, the plaintiffs must recover the unjust benefit the defendants extracted from illicit use of each plaintiff's image.  The defendants correctly argue, "The equitable remedy of unjust enrichment is not available where there is an adequate remedy at law."  (Doc. 17 at 10)  However, only after evaluating the merits of other claims can an order determine whether "an adequate remedy at law" exists.  Further, the defendants cannot prevent — based on the complaint's asserting a claim that might offer "an adequate remedy in law" — the complaint from asserting the alternative claim of unjust enrichment.  Under Rule 8, Federal Rules of Civil Procedure, "a party may [in a complaint] set out [two] or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones."  The defendants' argument is premature and is inapplicable to a motion to dismiss.  *See Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1287 (S.D. Fla. 2013) (Marra, J.) ("While the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy, a plaintiff may maintain an unjust enrichment claim in the alternative to its legal claims.").

**5. Count IX**

Claiming negligence, Count IX argues (1) that the defendants had a duty "to deal with [each plaintiff] and her image, likeness and/or identity in a commercially reasonable and prudent manner, to not use or alter [each plaintiff's] image, likeness or identity in derogation of her rights, and to not cause harm to" each plaintiff and (2) that "Defendants breached that duty by using and altering [each plaintiff's] image, likeness or identity without [her] authorization, permission or consent." (Doc. 1 at 65) As the motion to dismiss argues, Count IX fails to explain the source of the stated duty. Attempting to supplement Count IX, the response to the motion to dismiss argues (1) that the complaint "alleges sufficient facts to plead [that] Defendants' violation of [Section ]540.08 amounts to negligence *per se*," (2) that in Florida "a duty may arise from legislative enactments," and (3) that in Florida a "duty arises because of a *foreseeable zone of risk* arising from the acts of the defendant." (Doc. 25 at 16, 17, 18)

**A. Negligence *Per Se***

The plaintiffs argue that the complaint "alleges sufficient facts to plead [that] Defendants' violation of [Section ]540.08 amounts to negligence *per se*." (Doc. 25 at 17) To claim negligence *per se*, a plaintiff must establish that a defendant violated a statute that "establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *Liese v. Indian River Cty. Hosp.*

*Dist.*, 701 F.3d 334, 353 (11th Cir. 2012).  For example, a statute "forbidding the sale of guns to minors" or a "child labor act[]" protects minors, a "particular class of persons." *Bartsch v. Costello*, 170 So. 3d 83, 86 (Fla. 4th DCA 2015) (Warner, J.).

Section 540.08 prohibits anyone from "publish[ing], print[ing], display[ing] or otherwise publicly us[ing] for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."  Arguing that Section 540.08 protects a "particular class of persons," the plaintiffs define the class as "persons that do not consent to use of their image or likeness for commercial or advertising purposes [and] who cannot protect themselves due to the ease in pirating another's image or likeness and inability to stop or oftentimes discover individuals who pirate others' images or likenesses for commercial gain."  (Doc. 25 at 17–18)

However, *Kohl v. Kohl*, 149 So. 3d 127, 133 (Fla. 4th DCA 2014) (Gross, J.), holds that a violation of Section 384.24, an analogous statute, is not negligence *per se*. Like Section 540.08, which prevents the use of another's image unless with the other's consent, Section 384.24 forbids a person with certain sexually transmissible diseases from engaging in sexual intercourse unless with the sexual partner's consent. *Kohl*, 149 So. 3d at 133, holds that Section 384.24 is "not designed to protect a particular class of persons, but rather the public in general."  *See also Russ v. Wollheim*,

915 So. 2d 1285, 1286 n.1 (Fla. 2d DCA 2005) (Whatley, J.) ("A building code is designed to protect the general public rather than a particular class of individuals.").

Both the plaintiffs in this action and the plaintiff in *Kohl* are unable to identify a "particular class of persons" other than by describing members of the "general public" that might fall victim to a violation of a statute.  In other words, the plaintiffs fail to distinguish between a "particular class of persons" that a statute aims to protect and a description of the victims of a conduct that a statute aims to proscribe. Section 540.08 is not a statute that aims to protect a "particular class of persons," and Count IX fails to state a claim for negligence *per se*.

**B. "Legislative Enactments"**

The plaintiffs argue that in Florida "a duty may arise from 'legislative enactments'" and that the complaint successfully states a claim for negligence by claiming in other counts a violation of the Lanham Act and of the Florida Statutes. (Doc. 25 at 16)  Each case that the plaintiffs cite in support of this argument traces back to a generic citation to the Second Restatement of Torts:

> Obviously, the duty can arise from other sources such as statutes or a
> person's status (e.g., the duty a parent owes a child). The Restatement
> (Second) of Torts, for example, recognizes four sources of duty:
> (1) legislative enactments or administration regulations; (2) judicial
> interpretations of such enactments or regulations; (3) other judicial
> precedent; and (4) a duty arising from the general facts of the case.

*McCain v. Florida Power Corp.*, 593 So. 2d 500, 503 n.2 (Fla. 1992). *McCain* is correct

that a "duty can arise from" "legislative enactments." Specifically, in Florida

"[p]roof that a defendant violated a statute . . . can be categorized in a negligence

case in one of three ways, depending on the statute's purpose":

> (1) violation of a strict liability statute designed to protect a particular
> class of persons who are unable to protect themselves, constituting
> negligence per se; (2) violation of a statute establishing a duty to take
> precautions to protect a particular class of persons from a particular type
> of injury, also constituting negligence per se; [and] (3) violation of any
> other kind of statute, constituting mere prima facie evidence of
> negligence.

*Kohl*, 149 So. 3d at 132; *see also deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198,

201 (Fla. 1973).

No party argues that this action involves a "strict liability statute," and this

order previously found that Section 540.08 is not "a statute that aims to protect a

particular class of persons." Thus, the presumptive proof that the defendants violated

the Lanham Act and the Florida Statutes can later "be used as evidence of

negligence." *Langbehn v. Pub. Health Trust of Miami-Dade Cty.*, 661 F. Supp. 2d 1326,

1342 (S.D. Fla. 2009) (Jordan, J.). However, the plaintiffs attempt to draw from this

unremarkable statement the remarkable conclusion that a claim of violation of a

statute is sufficient to establish a claim for common law negligence. *See Callahan v.

Countrywide Home Loans, Inc.*, 2006 WL 3913763, at *2 (N.D. Fla. July 26, 2006)

(Vinson, J.) ("[V]iolation of this type of statute is evidence only that the defendant in

question may have been negligent. It does not go to establish that [the defendant]

owed [the plaintiff] a duty.").  The plaintiffs must establish, other than by claiming a violation of a statute, the existence of a common law duty.

### C. "Foreseeable Zone of Risk"

The plaintiffs argue that a duty exists because in Florida a common law "duty arises because of a *foreseeable zone of risk* arising from the acts of the defendant." (Doc. 25 at 18)  The plaintiffs rely on a generic observation in *McCain*, 593 So. 2d at 503, which states, "Where a defendant's conduct creates a *foreseeable zone of risk*, the law generally will recognize a duty placed upon [a] defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses."[1] *Cf. Liese*, 701 F.3d at 354 ("Liese also relies upon [*McCain*], which offers [an] unremarkable proposition.").  However, the plaintiffs fail to explain how the defendants' conduct created a "foreseeable zone of risk" of injury.

*Williams v. Davis*, 974 So. 2d 1052, 1054 (Fla. 2007), finds a duty because a defendants' act of "permit[ting] the growth of foliage on their property to extend outside the bounds of the property and into the public right-of-way" created the "foreseeable zone of risk" of "interfer[ence] with a motorist's ability to safely travel on the adjacent roadway."  Thus, the defendants had a duty "not to permit the

---

[1] "[T]he Supreme Court of Florida perhaps meant 'zone of foreseeable risk.'" *Estate of Brennan v. Church of Scientology Flag Serv. Org., Inc.*, 832 F. Supp. 2d 1370, 1379 (M.D. Fla. 2011).

growth of foliage on their property to extend outside the bounds of the property and into the public right-of-way."[2] *Williams*, 974 So. 2d at 1054.

In this action, rather than arguing that the defendants had a duty to "see that sufficient precautions are taken to protect" a plaintiff after the defendants used the plaintiff's image, the complaint argues that the defendants had a duty "to not use" a plaintiff's image. In other words, the complaint argues that by using a plaintiff's image the defendants caused injury, not that by using a plaintiff's image the defendants created a "foreseeable zone of risk" of injury. This argument is indistinguishable from a claim of violation of the Lanham Act or of the Florida Statutes and fails to establish a duty.

The response to the motion to dismiss attempts to salvage Count IX by re-defining the stated duty from a duty "to not use" a plaintiff's image to a duty to "ensur[e] sufficient precautions are taken to protect each Plaintiff from the harm posed by the risk created by Defendants' own conduct." (Doc. 25 at 18) However, the motion fails to explain what "sufficient precautions" the defendants could have implemented after using a plaintiff's image, and the complaint contains no allegation about what precautions the defendants should have implemented, but failed to implement, after using a plaintiff's image.

---

[2] Similarly, *Nat'l Title Ins. Co. v. Lakeshore 1 Condo. Ass'n, Inc.*, 691 So. 2d 1104, 1107 (Fla. 3d DCA 1997) (Shevin, J.), finds a duty because a defendant's act of "managing funds for others" created the "foreseeable zone of risk" of "depletion through negligent management or mismanagement." Thus, the defendant had a duty "to use reasonable care to avoid depletion through negligent management or mismanagement." *Nat'l Title*, 691 So. 2d at 1107.

## CONCLUSION

The defendants' motion (Doc. 17) to dismiss Counts I, II, V, and VIII is **DENIED**.  The defendants' motion (Doc. 17) to dismiss Count IX is **GRANTED**.  Count IX is **DISMISSED**.

Under Rule 8(a), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In violation of this rule, the 343-page complaint mindlessly repeats the same nine counts for each of the sixteen plaintiffs.  Each regurgitation of the nine counts spans approximately nineteen pages.  Thus, the complaint contains approximately 285 pages of redundancy (the product of nineteen pages and fifteen plaintiffs).  Because the same counsel represents the plaintiffs, no apparent need exists for each plaintiff to repeat the nine counts.  No later than **MAY 13, 2016**, the plaintiffs must amend the complaint (1) to eliminate Count IX for each plaintiff and (2) to present in a single count the same claim for each plaintiff.  If a plaintiff's claim is distinguishable from other plaintiffs' claim because of a factual or legal particularity, the complaint may present the distinguishable claim in a separate count.

ORDERED in Tampa, Florida, on May 3, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE