UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIME FAITH EDMONDSON, et al.,

    Plaintiffs,

v.                                                                                CASE NO. 8:15-cv-2672-T-23TBM

CALIENTE RESORTS, LLC, et al.,

    Defendants.
_____/

## ORDER

The plaintiffs, all of whom are professional models, allege (Doc. 80) that without consent the defendants used the plaintiffs' images to promote "sexy-costume couples themed parties" and other events "geared" toward "swingers" at the Caliente Resort and Vacation Club.[1] (Doc. 101 at 6) The plaintiffs sue under the Lanham Act (Count I); sue under Section 540.08, Florida Statutes, and under Florida common law for unauthorized misappropriation of name (Counts II and III); sue under Florida's Deceptive and Unfair Trade Practices Act (Count IV); and sue under Florida common law for civil theft (Count V), for defamation (Counts VI and VII), and for unjust enrichment (Count VIII).

---

[1] The *Oxford English Dictionary* defines swinging: "To engage in (promiscuous) sexual intercourse; *spec.* to advocate or engage in group sex or swapping sexual partners."

The defendants move (Doc. 101) for summary judgment on Counts I, IV, and V; for summary judgment on the claims for punitive damages (Counts II, III, V, VI, and VII); and for summary judgment on the claims for an attorney's fee (Counts II, III, VI, VII, and VIII). The plaintiffs move (Doc. 144) for summary judgment on all counts.

**Count I**

All parties move for summary judgment on Count I. To prevail on a false advertising claim under the Lanham Act, the plaintiffs must show (1) that the defendants' advertisements were false or misleading; (2) that the advertisements deceived, or had the capacity to deceive, consumers; (3) that the deception materially affected purchasing decisions; (4) that the misrepresentation affects interstate commerce; (5) and that the plaintiffs were injured or are likely to suffer injury because of the false advertising. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

The plaintiffs and the defendants fail to show that no genuine dispute exists as to any material fact. For example, the defendants plausibly dispute that consumers were deceived or misled by the use of the plaintiffs' images on the defendants' promotional materials. (Doc. 101 at 14)

**Counts II and III**

The plaintiffs move for summary judgment on their claims for unauthorized misappropriation of name. The plaintiffs' argument on both counts consists of just

more than half a page of text that recites the legal elements of the claims and concludes, "There being no genuine issue of material fact, summary judgment should be granted for Plaintiffs . . . ." (Doc. 144 at 23) But a genuine dispute of material fact exists (such as whether the defendants were authorized to use the plaintiffs' images through the use of a stock image license and through Peter Smith's "affiliation" with lingerie companies).[2] (Doc. 117 at 11)

**Count IV**

All parties move for summary judgment on Count IV. The defendants argue that because the plaintiffs are "non-consumers," the plaintiffs lack standing to bring a claim under FDUTPA. (Doc. 20 at 101) But a recent state court decision examining whether a "non-consumer" has standing under FDUTPA holds that "[w]e . . . align ourselves with the [district] courts which have held that an entity does not have to be a consumer in order to have standing to bring a FDUTPA claim." *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County, Inc.*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015). The plaintiffs have standing to bring their FDUTPA claims.

To establish a claim under FDUTPA, the plaintiffs must show (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). False advertising is a deceptive act or unfair practice. "[C]ourts have recognized that a claim for false, misleading and

---

[2] Smith "worked directly for and was paid directly by the Resort." (Doc. 144 at 11) The defendant asserts that "Smith has always represented to Caliente Resort that he had the right to use the images" and that "Smith represented to Caliente that he was an affiliate of several lingerie and Halloween costumes and as an affiliate had the license to use the images . . . ." (Doc. 101 at 5–6)

- 3 -

deceptive advertising falls under FDUTPA." *Ameritox Ltd v. Aegis Services Corp.*, No. 07-80498-CIV, 2008 WL 4540063, at *2 (S.D. Fla. Oct. 10, 2008) (Marra, J.).

The defendants argue that the plaintiffs fail to establish deception and causation because the plaintiffs fail to proffer evidence that the plaintiffs' images on the flyers would probably deceive an objectively reasonable person. The plaintiffs respond that the defendants cannot show that "there is no set of circumstances under which [the] plaintiffs could prevail on their FDUTPA claim[s]." (Doc. 114 at 16) Contrary to the plaintiff's assertion that the plaintiffs have presented "dispositive and undisputed evidence of deception and causation," genuine disputes of material fact exist (including, for example, whether the advertisements were misleading or likely to mislead and constitute an unfair or deceptive trade practice). (Doc. 114 at 16)

Also, the defendants argue that the plaintiffs cannot show actual damages, which are recoverable under FDUTPA. *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984). The plaintiffs demonstrate that they might have suffered actual damages.

**Count V**

All parties move for summary judgment on Count V. To prevail on a claim for civil theft under Section 772.11, Florida Statutes, the plaintiffs must show that the defendants "knowingly obtained or used" the plaintiffs' property with the "felonious intent" to appropriate the property. *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1327 (11th Cir. 2006). The defendants argue that they lacked the requisite felonious intent

because they believed they had obtained the right to use the images. (Doc. 101 at 24–26)

The plaintiffs respond that the plaintiffs have presented substantial evidence of intent and that the "undisputed evidence" establishes that the defendants knew they lacked authority to use the plaintiffs' images without the plaintiffs' permission. (Doc. 114 at 18–19) Also, the plaintiffs argue that evidence exists showing that the defendants continued to use the plaintiffs' images after the demand letters were sent and after the commencement of litigation. Whether the defendants misappropriated the images with felonious intent and whether the defendants legitimately believed that they had a right to use the images raise genuine issues of material fact.

**Counts VI and VII**

The plaintiffs move for summary judgment on the plaintiffs' defamation claims. "Defamation has the following five elements: (1) publication; (2) falsity; (3) [the] actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1105–06 (Fla. 2008). The plaintiffs fail to establish a lack of disputed facts; there exists no undisputed evidence of falsity and no conclusive evidence that the defendants acted negligently or recklessly, and the evidence of damages is disputed. (Doc. 117 at 13)

**Count VIII**

The plaintiffs move for summary judgment on the claims for unjust enrichment. To establish a claim for unjust enrichment, a plaintiff must show (1) that the "plaintiff [] conferred a benefit on the defendant, who has knowledge thereof"; (2) that the defendant "voluntarily accept[ed] and retain[ed] the benefit conferred"; and (3) that "the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994). A genuine issue of material fact exists as to whether the defendants "accepted and retained benefits knowingly" under inequitable circumstances. *See Jackson-Jester v. Aziz*, 48 So. 3d 88, 90–91 (Fla. 2d DCA 2010). (Doc. 117 at 14)

## CONCLUSION

The motions for summary judgment on the claims for relief (Docs. 101, 144) are **DENIED**.

ORDERED in Tampa, Florida, on March 30, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE